IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PAUL GRIBBEN,
    Plaintiff,

vs.                                      Case No.  5:10cv320/MCR/CJK

JAMES MCDONOUGH, et al.,
    Defendants.
_____

## **O R D E R**

    This cause is before the court upon plaintiff's third amended civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 40).  From a review of the complaint, it is evident that plaintiff has failed to comply with the court's instructions regarding filing an amended complaint.  (*See* Doc. 38).  Although the court previously instructed plaintiff that his complaint would be subject to dismissal if he failed to comply with an order of the court, the court will allow plaintiff a <u>final opportunity</u> to correct the deficiencies in a fourth amended complaint.  (*See* Doc. 38).

    Plaintiff's third amended complaint names forty-seven to fifty-four defendants, all present or former prison officials of the Florida Department of Corrections. (Doc. 40, pp. 1, 2-4).  Defendants are sued in their individual and official capacities.  (*Id*.). Plaintiff's alleged troubles began on July 12, 2007, when plaintiff filed a grievance against defendants Ginnet and Thies while plaintiff was housed at Wakulla

Correctional Institution ("Wakulla CI"). Thereafter, plaintiff was subjected to a number of alleged retaliatory acts by several officials at various correctional facilities. These are just a few of the acts of which plaintiff complains:

(1) on July 12, 2007, defendant Ginnet of Wakulla CI ordered plaintiff not to go to his work assignment as an inmate law clerk and deprived plaintiff of envelopes for legal mail after plaintiff filed a grievance against Ginnet and defendant Thies,

(2) on July 13, 2007, defendant Thies of Wakulla CI threatened plaintiff with confinement if plaintiff did not withdraw the grievance,

(3) in July of 2007, defendants Boyd, Ship and Diesel of Wakulla CI removed plaintiff from his assignment as an inmate law clerk,

(4) on August 17, 2007, defendant Ginnet refused to provide plaintiff with envelopes to send out legal mail,

(5) on September 10, 2007, unidentified defendants transferred plaintiff from Wakulla CI after plaintiff wrote letters to the State Attorney General complaining about retaliation at Wakulla CI,

(6) on September 10, 2007, defendant McDonald at Wakulla CI did not allow plaintiff to smoke a cigarette while plaintiff waited for the transfer bus,

(7) defendants Adams, Stine, Moore and Wellhausen at the DOC's Central Office in Tallahassee refused to accept plaintiff's grievances concerning plaintiff's transfer as grievances of reprisal,

(8) defendant Payne at Century CI "unlawfully intercepted and denied or returned without action the grievances plaintiff submitted while at CCI complaining of reprisal and retaliation regarding his transfer from WCI",

(9) in November of 2007, defendants Payne, Gilbert, Getrid and Lookaway at

Century CI caused plaintiff to be transferred from Century CI,

(10) in December of 2007, defendants Dudley, Baxter and McGinty at Graceville CF caused plaintiff to not be assigned as an inmate law clerk trainee,

(11) on August 22, 2008, defendant Hampton at Graceville CF wrote plaintiff a corrective consultation form which "falsely" charged plaintiff with a disciplinary infraction,

(12) on August 27, 2008, defendant Bolling at Graceville CF removed plaintiff from an educational program,

(13) on October 12, 2009, defendant Dudley caused plaintiff to be "arbitrarily removed" from plaintiff's work assignment in the Desktop Publishing program. (*Id*., pp. 8-13). Plaintiff argues that all of these acts are the product of a vast conspiracy throughout the DOC to retaliate against plaintiff for filing grievances, and that those officials who were not directly involved in the retaliatory conduct are liable because they were either part of the conspiracy and/or should have been aware of the widespread retaliation and failed to intervene. (*Id*., pp. 15-17). As relief, plaintiff seeks injunctive relief and "compensatory, general, presumed, nominal and punitive damages." (*Id*., pp. 18-19).

As plaintiff was advised previously, plaintiff is attempting to improperly join parties and unrelated claims in this single cause of action. The Federal Rules of Civil Procedure provide limits as to the claims and parties that may be joined in one cause of action. Rule 18 provides that a plaintiff may join in one cause of action as many claims as he has against one particular defendant. Fed. R. Civ. P. 18(a). This would authorize, for example, plaintiff pursuing in this lawsuit all the claims he has against defendant Ginnet. Rule 20, however, limits the group of persons who may be joined

as defendants in a single lawsuit. That Rule provides that all persons may be joined as defendants in one action if the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences <u>and</u> if any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). This would authorize, for example, plaintiff pursuing in this lawsuit his claims against those defendants responsible for the alleged retaliatory transfer of plaintiff from Century CI (defendants Payne, Gilbert, Getrid and Lookaway). However, plaintiff may not do what he attempts here, and assert various claims against various defendants even though the claims do not arise out of the same transaction or series of transactions, and there is no common question of law or fact as to <u>all</u> of the defendants. Plaintiff's conclusory allegation of conspiracy is insufficient to establish the requisite commonality. In amending, plaintiff must address his various issues in separate civil rights actions.

To the extent plaintiff asserts a substantive claim of conspiracy embracing all of the defendants, his claim is subject to dismissal for failure to state a claim. "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy." *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir. 1992) (internal quotations omitted). Plaintiff does not have to produce a "smoking gun" to establish the "understanding" or "willful participation" required to show a conspiracy, *Bendiburg v. Dempsey*, 909 F.2d 463, 469 (11th Cir. 1990), but he must show some evidence of agreement between the defendants. *Bailey*, 956 F.2d at 1122 ("The linchpin for conspiracy is agreement, which presupposes communication."). Conclusory, vague, and general allegations

of conspiracy are not enough. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. . . . A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."). Similarly, an allegation of "parallel conduct" is not enough. *Kearson v. Southern Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir.1985) (concluding that the district court properly dismissed the plaintiff's civil rights conspiracy claim because it was based on conclusory allegations); *Cole v. Gray*, 638 F.2d 804, 811 (11th Cir. 1981) (holding that "murky allegations . . . linked together by speculation and conclusory allegations" are insufficient to support a theory of conspiracy under the civil rights statute); *cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (dismissing complaint alleging antitrust conspiracy in violation of the Sherman Act; holding that a complaint must contain enough factual matter which, taken as true, suggests that an agreement was made – an allegation of parallel conduct and a bare assertion of conspiracy do not alone suffice); *Am. Dental Ass'n v. Cigna Corp*, 605 F.3d 1283, 1296 (11th Cir. 2010) (holding that plaintiffs failed to plausibly allege a conspiracy to commit RICO violations, where plaintiffs "merely offered conclusory allegations of agreement accompanied by statements of parallel behavior, which just as easily suggest independent, lawful action"). Here, plaintiff fails to explain how the defendants conspired with one another (i.e., reached an agreement to retaliate against him). Plaintiff's speculative, bare assertion that a conspiracy existed is insufficient to state a claim of conspiracy.

   Additionally, as plaintiff was advised previously, plaintiff is barred from

recovering most of the monetary relief he seeks.  Plaintiff's damages claims against the defendants in their official capacities are barred by the Eleventh Amendment. "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309-10, 105 L. Ed. 2d 45 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." (citations omitted)).  A suit against a state employee in his or her official capacity is deemed a suit against the state for Eleventh Amendment purposes. *Will*, 491 U.S. at 71, 109 S. Ct. 2304; *Gamble*, 779 F.2d at 1512 (holding that the Eleventh Amendment "will bar damage awards against state officers sued in their official capacities in suits brought in federal court pursuant to 42 U.S.C.A. § 1983."). Plaintiff should modify his demand for relief accordingly.

       Plaintiff's indivdiual capacity claims against the defendants for "compensatory, general, presumed and punitive" damages are barred by statute. The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th

Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of the pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody. Plaintiff's claims for compensatory, general, presumed and punitive damages are based on the emotional distress plaintiff suffered as a result of the defendants' alleged conduct, and/or the fact of the alleged constitutional violations themselves (divorced from any mental or emotional injury they caused). Plaintiff's third amended complaint identifies no physical injury arising from defendants' conduct. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("*Harris I*") (concluding that in order to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*").

Plaintiff's alleged weight loss (doc. 40, p. 14), reflects simply a somatic manifestation of emotional distress, rather than a distinct physical injury. *See Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (characterizing a psychiatrist's assertion of weight loss as a "somatic manifestation[ ] of emotional distress" rather than a "physical injury" under § 1997e(e)). Numerous courts have held that a prisoner cannot satisfy § 1997e(e) by alleging only that he suffered from the physical manifestations (including weight loss) of mental or emotional injuries. *See Davis, supra* (affirming *sua sponte* dismissal of prisoner's civil rights action despite prisoner's affidavit stating that he suffered weight loss, appetite loss, and insomnia after disclosure of his medical status; the language and purpose of Section 1997e(e) "preclude reliance on the somatic manifestations of emotional distress"); *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (stating that an "unelaborated

claim" of a loss involving 50+ pounds "is insufficient to support [the inmate's] assertion that he suffered 'physical injury'" for purposes of § 1997e(e)); *Van Wyhe v. Reisch*, 536 F.Supp.2d 1110, 1126 (D. S.D.2008) ("Loss of weight is not a 'physical injury' for purposes of the PLRA." (citations omitted)), *reversed in part on other grounds*, 581 F.3d 639 (8th Cir. 2009); *Plasencia v. California*, 29 F. Supp. 2d 1145, (C.D. Cal. 1998) ("The Court finds that weight loss is insufficient to constitute a prior physical injury under PLRA."); *see also Murray v. Edwards Cnty. Sheriff's Dep't*, 453 F. Supp. 2d 1280, 1292 (D. Kan. 2006) ("weight loss in itself has been deemed to be insufficient to demonstrate physical injury under the PLRA" (citations omitted)).

      Here, plaintiff's allegations suggest that any weight loss he suffered stemmed directly from his alleged mental and emotional injuries and constituted only common manifestations of depression and anxiety. As derivative manifestations of mental or emotional injuries, this alleged physical injury cannot support claims for damages under 42 U.S.C. § 1997e(e). Plaintiff is prohibited under the PLRA from bringing his claims for "compensatory, general, presumed and punitive" damages. *Harris I*, 190 F.3d at 1287-88 (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reinstated on reh'g*, *Harris II*, 216 F.3d at 972; *see also Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury). If successful, the only damages plaintiff will be able to recover are nominal ones. Plaintiff should modify his demand for relief accordingly.

      In amending his complaint, plaintiff must completely fill out a new civil rights

complaint form, marking it "Fourth Amended Complaint." <u>Plaintiff must limit his allegations to claims related to the same basic incident or issue, and name as defendants only those persons who are responsible for the alleged constitutional violations.</u> Again, <u>plaintiff cannot bootstrap several claims together in one complaint</u>. If plaintiff was harmed by several different individuals, in several different incidents, he must bring his claims in separate complaints and pay the filing fee or obtain leave to proceed *in forma pauperis* in each individual action.

Plaintiff must place the defendants' names in the style of the case on the first page of the complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. Plaintiff should not make conclusory allegations of law without providing the court with a clear, short statement showing that a named defendant violated a right plaintiff holds by virtue of the Constitution or federal law. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff's demand for relief shall include only that relief to which plaintiff may be entitled under the relevant law.

Plaintiff's continued failure to cure defects in pleading requirements as required by the Federal Rules of Civil Procedure and this court's amend orders may

result in the dismissal of this case. *See, e.g., Hernandez v. Century Corr. Inst.*, No. 3:07cv404/LC/EMT, 2010 WL 1531238 (N.D. Fla.), *Report and Recommendation adopted*, 2010 WL 1531278 (N.D. Fla. Apr. 15, 2010) (dismissing civil rights action for plaintiff's failure to comply with court's orders regarding requirements for filing an amended complaint).

Accordingly, it is ORDERED:

1. The Clerk shall forward to the plaintiff a § 1983 complaint form. This case number should be written on the form.

2. Within **thirty (30) days** from the date of this order, plaintiff shall file a fourth amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and modified as instructed above. Failure to do so will result in a recommendation that this case be dismissed for failure to comply with an order of the court.

DONE AND ORDERED this 26th day of April, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**